IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL P. GIROUARD, M.D., WEIGHT LOSS & WELLNESS CLINIC, P.L.L.C., | Civil Action No. 2:25-cv-1256 |
| *Plaintiff* | Demand for Jury Trial |
| -v- | |
| INSPIRED PEPTIDES LLC, | |
| *Defendant* | |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, MICHAEL P. GIROUARD, M.D., WEIGHT LOSS & WELLNESS CLINIC, P.L.L.C. ("Girouard"), who hereby brings this Complaint against Defendant, Inspired Peptides LLC ("Inspired Peptides"), and asserts the following:

**INTRODUCTION**

1. This is an action for trademark infringement and dilution, unfair competition, and deceptive trade practices, arising under the Federal Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), the Louisiana Unfair Trade Practices and Consumer Protection Law, Louisiana Revised Statute 51:1401 *et seq.*, and Louisiana trademark law, Louisiana Revised Statute 51:211 *et seq.*

**PARTIES**

2. MICHAEL P. GIROUARD, M.D., WEIGHT LOSS & WELLNESS CLINIC, P.L.L.C. ("Girouard") is a Professional Limited Liability Company, organized under the laws of

1

North Carolina, with a registered office address of 15806 Brookway Drive, Huntersville, NC 28078-3237.

3. Upon information and belief, Inspired Peptides LLC is a limited liability company organized under the laws of Montana, with its principal place of business at 250 PHARR RD NE #1601, Atlanta, GA, 30305 and a registered agent of CORPORATE CREATIONS NETWORK INC. and a registered office address of 1925 GRAND AVE STE 127, Billings, MT 59102-2776.

## JURISDICTION AND VENUE

4. This is an action arising out of federal trademark and unfair competition law (15 U.S.C. § 1051 et. seq.) and Louisiana law. This Court has subject matter jurisdiction over Girouard's claims under 15 U.S.C. § 1121 and under 28 U.S.C. §§ 1331 and 1338.

5. This Court has supplemental jurisdiction over claims arising from state law under 28 U.S.C. §1367(a).

6. Personal jurisdiction is proper in this District because Defendant is doing business and marketing its products and services to consumers in Louisiana and in particular in the Eastern District of Louisiana.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2).

## FACTS

8. Girouard owns U.S. Trademark Registration No. 4,846,544 for the mark ![Let'sGetThinMD - The Dr. Girouard Advantage] (the "Let's Get Thin MD Registered Mark"), said mark registered in connection with weight loss products and services in Classes 005, 016, 035, and 044 as follows:

   a. International Classes 005: *Weight loss products, namely, dietary and nutritional supplements used for weight loss, dietary supplements in the nature of weight loss*

    *powders, and kits for weight loss comprising dietary and nutritional supplements used for weight loss and printed booklets on weight loss.*

  b. International Class 016: *Weight loss products, namely, printed brochures, booklets, and books on weight loss and weight loss program kits consisting primarily of printed brochures, booklets, and books on weight loss.*

  c. International Class 035: *Retail store services featuring weight loss products.*

  d. International Class 044: *Weight loss services, namely, providing weight loss and weight maintenance programs.*

9. Girouard has continuously used the Let's Get Thin MD Registered Mark in commerce since at least as early as June 1, 2013, and the mark has become widely recognized and associated with Girouard's goods and services.

10. The Registered Mark achieved the status of incontestability under Section 15 of the Trademark Act, 15 U.S.C. §1065 and remains in full force and effect today.

11. A Declaration under Section 8 of the Trademark Act, 15 U.S.C. §1058 was filed on May 3, 2022, and accepted by the USPTO.

12. A Declaration under Section 15 of the Trademark Act, 15 U.S.C. §1065 was filed on May 3, 2022, and accepted by the USPTO.

13. The Let's Get Thin MD Registered Mark remains in full force and effect today.

14. Girouard is also the owner of the LET'S GET THIN MD trademark, which is a valid and protectable common law trademark.

15. Girouard began using the trademark LET'S GET THIN MD at least as early as 2013.

16. Girouard has continuously and substantially exclusively used the Let's Get Thin MD Registered Mark and the trademark LET'S GET THIN MD in commerce in connection with weight loss services and weight loss products, since at least as early as June 1, 2013.

17. Defendant Inspired Peptides provides services and products related to weight loss.

18. Defendant Inspired Peptides provides services and products related to weight loss under the following trademarks: GET THIN MD and the design trademark [Get THIN MD logo] (the "Get Thin MD design trademark") (collectively, the "GET THIN MD trademarks").

19. Inspired Peptides alleges it has provided health care services under the Get Thin MD design trademark in commerce since at least as early as December 31, 2023.

20. Inspired Peptides provides a program for the treatment of obesity in connection with the GET THIN MD trademarks.

21. Inspired Peptides sells weight loss products under the GET THIN MD trademarks in commerce.

22. Inspired Peptides provides its services and goods nationwide.

23. On December 12, 2023, Inspired Peptides applied to register the trademark Get Thin MD with the United States Patent and Trademark Office (USPTO) for Health care services, namely, providing a program for the treatment of obesity, in International Class 044.

24. On August 28, 2024, the Trademark Examiner assigned to Inspire Peptides' application issued a final office action refusing registration of the Get Thin MD trademark due to a likelihood of confusion with the Let's Get Thin MD Registered Mark, [Let'sGetThinMD – The Dr. Girouard Advantage logo].

4

25. In the refusal, the Trademark Examiner noted that Inspire Peptides' Get Thin MD trademark was wholly incorporated into Girouard's Let's Get Thin MD Registered Mark, .

26. On October 24, 2024, Inspired Peptides' filed a second application for a GET THIN MD trademark with the USPTO, this one a stylized mark as follows , for Health care services, namely, providing a program for the treatment of obesity, in International Class 044.

27. On October 24, 2024, Inspired Peptides also instituted a cancellation proceeding before the Trademark Trial and Appeal Board seeking to cancel Girouard's Let's Get Thin MD Registered Mark, , based on an alleged abandonment of the trademark.

28. On or about January 17, 2025, counsel for Girouard sent counsel for Inspired Peptides evidence of current use of Girouard's registered trademark.

29. On or about May 1, 2025, the Trademark Examiner assigned to Inspired Peptides' stylized GET THIN MD trademark application refused registration based on a likelihood of confusion with Girouard's Let's Get Thin MD Registered Mark, .

30. On or about May 12, 2025, counsel for Girouard sent counsel for Inspire Peptides evidence demonstrating that Girouard's Let's Get Thin MD Registered Mark has been in use continuously and was not abandoned.

31. Despite the production of evidence of use provided by Girouard's counsel and the USPTO's separate refusals to register Inspired Peptides' GET THIN MD trademarks based on a

5

likelihood of confusion with Girouard's Let's Get Thin MD Registered Mark, Inspired Peptides continues to utilize its GET THIN MD trademarks.

32. Inspired Peptides has and continues to use the "Get Thin MD" trademarks in connection with healthcare programs for obesity treatment.

33. Inspired Peptides has and continues to use the "Get Thin MD" trademarks in connection with products utilized for the treatment of obesity.

34. Inspired Peptides' use of the Get Thin MD trademarks is without Girouard's authorization or permission.

35. Defendant's use is likely to cause confusion, mistake, or deception among consumers and has already interfered with Plaintiff's trademark rights, including by filing conflicting trademark applications.

36. Despite Defendant's knowledge of Girouard's trademarks and trademark rights, Defendant has continued to infringe Girouard's trademarks.

37. In March 2025, Plaintiff received a cease and desist letter from an unknown third party, Linn Lowes, alleging unauthorized use of her name, image and likeness in an advertising campaign by Defendant. In the cease and desist, which was sent to Defendant as well as Plaintiff, Lowes requested that "Get Thin MD LLC, Inspired Peptides LLC and all associated and related entities, immediately cease and desist…."

38. Defendant's actions are damaging the reputation and goodwill of Plaintiff through improper association and confusion.

39. Defendant's harmful business practices are and will continue to tarnish and harm Plaintiff's goodwill and reputation.

40. Plaintiff's marks are strong.

41. The words of Defendant's marks, GET THIN MD, are wholly incorporated into Plaintiff's marks.

42. The products and services offered by Defendant under the GET THIN MD trademarks are similar to the products and services offered by Plaintiff under its trademarks.

43. Both Plaintiff and Defendant provide products and services related to weight loss.

44. Both Plaintiff and Defendant advertise on the internet and through social media.

## CLAIMS FOR RELIEF

### Count One – Federal Trademark Infringement

45. Girouard repeats and incorporates by reference the allegations in the previous paragraphs as if those allegations were restated herein.

46. By offering services and goods under the Get Thin MD trademarks similar to those offered by Girouard under Girouard's Let's Get Thin MD Registered Mark, Inspired Peptides is infringing upon Girouard's duly registered trademark, constituting trademark infringement under the Lanham Act (15 U.S.C. § 1051, *et seq.*).

47. Inspired Peptides' use of the Get Thin MD trademarks is likely to confuse customers as to the source of such goods and services and is likely to lead the public to believe that Inspired Peptides' business is licensed by, sponsored by, or otherwise affiliated with Girouard.

48. Inspired Peptides' infringement is willful and deliberate.

49. Defendant's actions have caused and are likely to continue to cause substantial injury to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover actual damages, Defendant's profits, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, 1117, and 1118.

**Count Two – Federal Unfair Competition**

50. Plaintiff repeats and incorporates by reference the allegations of the preceding paragraphs as if those allegations were restated herein.

51. Plaintiff's Registered Mark is distinctive and has acquired secondary meaning through long-standing and continuous use in commerce since at least 2013 in connection with Plaintiff's weight loss services, weight loss products, and retail store services.

52. Plaintiff's Let's Get Thin MD trademark is distinctive and has acquired secondary meaning through long-standing and continuous use in commerce since at least 2013 in connection with Plaintiff's weight loss services, weight loss products, and retail store services.

53. Defendant's use of the confusingly similar marks "Get Thin MD" is likely to cause confusion among consumers as to the source, sponsorship, affiliation, or approval of Defendant's services, and has already caused actual confusion in the marketplace.

54. Defendant's actions have been willful, intentional, and undertaken with full knowledge of Plaintiff's rights in the marks, and with the intent to trade on the goodwill and reputation associated with Plaintiff's brand.

55. Defendant's use of the marks "Get Thin MD" in connection with its weight loss services and products constitutes use in commerce of a word, term, name, symbol, or device, or a combination thereof, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

56. Defendant's conduct constitutes false designation of origin and false or misleading representation of fact in violation of 15 U.S.C. § 1125(a)(1)(A).

57. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer irreparable harm to its business, reputation, and goodwill, for which there is no adequate remedy at law.

58. Defendant's conduct has caused, and is likely to continue to cause, substantial injury to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover actual damages, profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count Three – Louisiana State Trademark Dilution

59. Plaintiff repeats and incorporates by reference the allegations of the preceding paragraphs as if those allegations were restated herein.

60. Defendant's use of the GET THIN MD trademarks and business practices have caused and are likely to cause injury to Plaintiff's business reputation and to dilute the distinctive quality of Plaintiff's Let's Get Thin MD Registered Mark the Plaintiff's common law Let's Get Thin MD trademark.

61. Plaintiff is entitled to an injunction against Defendant pursuant to La. R.S. 51:223.1.

### Count Four – Louisiana Unfair Trade Practices Act

62. Plaintiff repeats and incorporates by reference the allegations of the preceding paragraphs as if those allegations were restated herein.

63. Defendant's unauthorized use of the GET THIN MD trademarks, which are confusingly similar to Plaintiff's established and distinctive Let's Get Thin MD trademark and the Let's Get Thin MD Registered Mark, constitute an unfair and deceptive practice under La. R.S. § 51:1401 et seq.

64. Defendant's conduct was and is intended to mislead consumers into believing that its services were affiliated with, endorsed by, or originated from Plaintiff.

65. Defendant's actions were and are willful, intentional, and undertaken with full knowledge of Plaintiff's rights, and with the intent to trade on Plaintiff's goodwill and reputation.

66. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages, including loss of goodwill, market confusion, and reputational harm.

67. Pursuant to La. R.S. § 51:1409, Plaintiff is entitled to recover actual damages and reasonable attorney's fees.

68. Plaintiff is further entitled to injunctive relief to prevent Defendant from continuing its unfair and deceptive practices.

## JURY DEMAND

69. Plaintiff requests a trial by jury on all issues so triable.

## PRAYER

70. Plaintiff respectfully requests that the Court:

   a. Enter judgment in favor of Plaintiff;

   b. Permanently enjoin Defendant from using Plaintiff's marks or any confusingly similar mark;

   c. Award Plaintiff actual damages, Defendant's profits, and treble damages;

   d. Award Plaintiff costs and reasonable attorneys' fees; and

   e. Grant such other relief as the Court deems just and proper.

Dated: June 19, 2025

Respectfully submitted,

/s/ Fabian M. Nehrbass
Fabian M. Nehrbass, #35,264
Seth M. Nehrbass, #20,309
Garvey, Smith & Nehrbass, Patent Attorneys, L.L.C.
701 Poydras Street-Suite 4310
New Orleans, LA 70139
Tel.: (504) 835-2000
Fax: 504-835-2070
www.neworleanspatents.com
fnehrbass@patents.gs
snehrbass@patents.gs

*Attorneys for Plaintiff*